## JOSEPH P. BREWSTER, PLAINTIFF IN ERROR.

*v.*

## DANIEL K. BAXTER, DEFENDANT IN ERROR.

Needless and superfluous assignment of errors tends to confusion, and is in effect no assignment, and would justify this Court in affirming the judgment of the lower Court, as for want of a proper assignment of errors.

Parol evidence is properly admissible to show the circumstances under which an incomplete memorandum of sale was signed, and in what capacity the person signed it.

It is not error to refuse instructions requested, if the jury are properly instructed on the same subject.

A sale of personal property made by an executor, without the authorization of the Probate Court, may be ratified and rendered valid by such Court, if deemed to the advantage of the estate.   And so any one interested in the estate may ratify such sale, to the extent of his interest.

If the undisputed facts of the case show a sale in itself invalid, but capable of ratification, an instruction by the Court to the jury, to the effect that if the vendor or one claiming under him, with a knowledge of the facts, or properly charged with inquiry concerning them, demand of the supposed vendee an accounting of the proceeds of the property, or the money arising from a sale thereof, that such demand operates as a ratification of the sale, is not erroneous.

ERROR to the Third Judicial District, holding Terms at La Conner.

The following is the memorandum introduced in evidence, and in explanation of which the Court permitted evidence to be introduced, such as the place and circumstances under which the same was executed, and that Mrs. Dodge signed the same in the capacity of an executrix:

"DODGE'S FARM, November 13th, 1880.

"This is to certify, that I have this day sold to D. K. Baxter, of Seattle, W. T., seventy (70) tons of baled hay, more or less,

stored in warehouse on slough bank, the above to be delivered
at any time when called for. To be good mercantable hay, at the
rate of nine dollars ($9) per ton ; also, that I have received on
the within twenty-five dollars ($25) cash, two hundred dollars
to be paid in five days time from date, the bal.

"MRS. M. A. DODGE.
" Signed in the presence of Frederick Eyer."

This writing was not recorded. The other facts referred to
sufficiently appear in the opinion.

*Haller & Engle*, for Plaintiff in error.

All the testimony of Baxter relating to negotiations prior to
the execution of the writing was improper, the writing being
the sole evidence of the transaction. (1 Greenleaf on Evidence,
13th ed., Secs. 275, 276, 277 ; 2 Parsons on Contracts, 6th ed.,
star pages 548, 549 ; 2 Wharton on Evidence, Secs. 936, 1014 ;
2 Phillips on Evidence, star pages 637, 644 ; 1 Addison on Con-
tracts, 3d Am. ed., Sec. 242 ; Chitty on Contracts, 8th Am. ed.,
star page 105 ; Bishop on Contracts, Sec. 58 ; *Carter* v. *Hamil-
ton*, 11 Barbour, 147 ; *Troy Iron and Nail Factory* v. *Corim*, 1
Blatchford C. C. 467 ; *Insurance Co.* v. *Lyman*, 15 Wallace,
664 ; *Chase et al. v. Jewett*, 37 Maine, 351 ; *Wright* v. *Smith
et al.*, 16 Gray, 499 ; *Clark et al.* v. *Vorce et al.*, 19 Wendell,
230.

Testimony as to the capacity in which the writing was signed
was not admissible. (1 Greenleaf on Evidence, 13th ed., Sec.
275, n. 1 & 2 ; *Porter* v. *Byrne*, 10 Indiana, 146 ; *Ennor* v.
*Thompson*, 46 Illinois, 214 ; *Johnson* v. *Haines*, 2 Ohio, 55.)

The writing was a mere executory contract, and did not have
the effect to transfer title to any particular day. (2 Addison
on Contracts, 3d Am. ed., Secs. 565, 566, 568 ; 3 Addison on
Contracts, 3d Am. ed., Sec. 1056 ; Benjamin on Sales, 2d Am.
ed., Secs. 311, 318, 319, 321, 323, 324, n. c. 326, n. c. 352, 353,
354, 357 ; 2 Kent's Commentaries, 496 ; *Stone* v. *Peacock*, 35
Maine, 385, and cases cited ; *Field* v. *Moore*, Hill and Denio,
sup. 478 ; *Mason* v. *Thompson et al.*, 18 Pickering, 307 ; *Fos-
ter* v. *Ropes*, 111 Massachusetts, 10 ; *McDonald* v. *Hewett*, 15
Johnson Rep. 349 ; *Houdlitte* v. *Tallman*, 14 Maine, 400, 403 ;

*Merrill* v. *Hunnewell*, 13 Pickering's Rep. 213 ; *Foot et al.* v. *Marsh et al.*, 51 New York, 288 ; *Brewer et al.* v. *Smith*, 3 Greenleaf Rep. 44 ; *Young* v. *Austin*, 6 Pickering, 282 ; *McLaughlin* v. *Piatti*, 27 California Rep. 451 ; *Courtright & Co.* v. *Leonard et al.*, 11 Iowa Rep. 32 ; *Lingham v. Eggleston*, 27 Mich. Rep. 324 ; *Shaw* v. *Nudd*, 8 Pickering Rep. 9, 13 ; *Outwater* v. *Dodge*, 7 Cowen Rep. 85 ; *Downer* v. *Thompson*, 2 Hill. Rep. 137 ; *Olkington* v. *Richey*, 41 New Hampshire, 275 ; *First Nat. Bank* v. *Crowley*, 24 Michigan, 497 ; *Woods* v. *McGee*, 7 Ohio, Pt. 2, 127 ; *Davis* v. *Hull*, 3 New Hampshire, S. C., 14 American Dec. 373 ; *Rapelye* v. *Mackie*, 6 Cowen, 250 ; *Jennings* v. *Flanagan*, 30 American Dec. 683.)

Said writing was void for uncertainty. (2 Parsons on Contracts, 6th ed., star pages 494, 5, 6, 561, 2, 5 ; Bishop on Contracts, Secs. 581, 602 ; *Cross* v. *Eglin*, 2 Barnwell & Adolphus, 110, 111.)

Said writing was void, because not made under the order of the Probate Court. (Acts of 1873, Sec. 173, 288 ; *United States* v. *Nicoll et al.*, 1 Paine, 646 ; *Owings* v. *Hull*, 9 Peters, 610, 629 ; *Myers* v. *Hodges*, 57 Am. Dec. 319 ; *Lowrey* v. *Beckner*, 5 B. Monroe, Ky. 41 ; *Corp* v. *Henderson*, 11 Am. Dec. 593 ; *Wilson* v. *Spencer*, 10 Am. Dec. 491 ; *Green* v. *State Bank of Illinois*, 25 Am. Dec. 71 ; *Nichols* v. *Ruggles*, 3 Am. Dec. 262 ; *Seidenbender* v. *Charles*, 8 Am. Dec. 691 ; *Gulick* v. *Ward & Bailey*, 18 Am. Dec. 389, 403 ; *Williams et al.* v. *Merle*, 11 Wendell, 80 ; *Saltus* v. *Everett*, 20 Wendell, 268 ; *Dillon* v. *Allen*, 26 Am. Rep. 145 ; *Wood* v. *Armstrong*, 25 Am. Rep. 671, 674 n. ; *Bank of U. S.* v. *Owens*, 2 Peters, U. S. C. C. 527 ; *White et al.* v. *Moses et al.*, 21 Cal. 44 ; *Belloc* v. *Rogers*, 9 Cal. 128 ; Sedgwick on Statutory Construction, 2d ed., 67, 70, 337 ; Chitty on Contracts, 8th Am. ed., star page 597 ; 2 Parsons on Contracts, 6th ed., star pages 746–7 ; *Head* v. *Goodwin*, 37 Maine, 182 ; *McMahon* v. *Sloan*, 12 Penn. St. 229 ; *Andrew* v. *Dieterich*, 14 Wendell, 31 ; *Roland* v. *Gundy*, 5 Ohio, 204 ; *Farrowe et al.* v. *Bean*, 10 Ohio, 500.)

The writing was void as to creditors of the estate, because not recorded. (Statutes of W. T., A. D. 1863, p. 413, Sec. 4 ; Benjamin on Sales, 629 and 652 n.; Herman on Chattel Mortgages, 141 ; Bump on Fraudulent Conveyances, 92, 45, 106 ;

*Watson* v. *Rodgers,* 53 California, 401, 625; *Chenery* v. *Palmer,* 6 California, 119.)

It was incapable of ratification. ( *United States* v. *Nicoll,* 1 Paine, 646; 1 Woodbury & Minot, 90; Wharton on Agency, Sec. 70; *Mason* v. *Finch,* 28 Michigan, 286.)

The Court's instructions assumed a valid sale, which was a question to be left to the jury. (Thompson on Charging the Jury, Sec. 47; *Kinney* v. *Williams,* 1 Colorado, 191 and e. s.; *State* v. *Kennedy,* 7 Nevada, 374; *Railroad Company* v. *Gladmore,* 15 Wallace, 401; *United States* v. *Tillotson,* 12 Wheaton, 180; *Brooks* v. *Somerville,* 106 Massachusetts, 275; *United States* v. *Bank of Metropolis,* 15 Peters, 406; *Bond et al.* v. *People,* 39 Illinois, 26; *Sherman* v. *Dutch,* 16 Illinois, 283; *Walters* v. *The C. R. I. & P. R. Co.,* 41 Iowa, 71; *Hickman* v. *Jones,* 9 Wallace, 201.)

*Struve & Haines,* for Defendant in error.

The delivery was sufficient to pass the title as against third parties. (*Stinson* v. *Clark,* 6 Allen, Mass. 341; *Shumway* v. *Ruller,* 8 Pickering, 447; *Phelps* v. *Cutter,* 4 Gray, 137; *Fuxworth* v. *Moore,* 9 Pickering, 348; *Hayden* v. *Demets,* 53 New York, 8 Sick. 426; *Thompson* v. *Baltimore etc. R. R. Co.,* 28 Maryland, 396; Wait's Actions and Defenses, Vol. 5, page 572, Sec. 27; *Long* v. *Knapp,* 54 Penn. State, 514; *Bailey* v. *Ogden,* 3 Johnson, 399; *Howland* v. *Harris,* 4 Mason C. C. 497; *Boynton* v. *Veazie,* 24 Maine, 286; *Chaplin* v. *Rogers,* 1 East, 192; *Ricker* v. *Cross,* 5 New Hampshire, 571; Story on Sales, Sec. 311; Benjamin on Sales, Sec. 677, page 635; Ibid, page 650, Sec. 696, and note 6; *Thorndyke* v. *Bath,* 114 Mass. 118; *Hart* v. *Wing,* 44 Illinois, 141; *Cartwright* v. *Phoenix,* 7 California, 281; *Gibson* v. *Stevens,* 8 Howard U. S. 384; *Pratt* v. *Parkman,* 24 Pickering, 42; *Tricber* v. *Andrews,* 31 Arkansas, 163; *Morgan* v. *Smith,* 29 Alabama, 283; Benjamin on Sales, 450; High on Receivers, Sec. 456; *Kennedy* v. *Thorp,* 51 New York, 174; Bigelow on Estoppel, 2d ed., 452–456.)

Void judicial sales may be ratified either directly or by a course of conduct which estops the party from denying their validity. (Freeman on Void Judicial Sales, Sec. 48 and cases there cited.)

The application of the principle does not depend upon any supposed distinction between a void and a voidable sale. (*Smith* v. *Warden*, 19 Penn. State, 429; *Deford* v. *Mercer*, 24 Iowa, 124; Freeman on Void Judicial Sales, 69.)

It is not essential that the defendant should have directly received any part of the proceeds of the sale. If he knows of the sale, makes no objection thereto, and permits the proceeds to be applied to the payment of his debts, he will be estopped from denying its validity. (*Spragg* v. *Shrives*, 25 Penn. St. 282; *Mitchell* v. *Freedly*, 10 Penn. St. 208; *Duforn* v. *Camframe*, 13 American Decisions, 364; Freeman on Void Judicial Sales, 70; *Jennings* v. *Kee*, 5 Ind. 257.)

Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election, and works an estoppel. (Bigelow on Estoppel, 2d ed., p. 503, and cases cited; *Songer* v. *Wood*, 3 Johnson's Ch. 416; *Connahan* v. *Thompson*, 111 Mass. 270; *Sloan* v. *Holcomb*, 29 Mich. 153; *Redermund* v. *Clark*, 46 N. Y. 357; *Morris* v. *Rexford*, 18 N. Y. 557.)

When a valid election is once made, it cannot be revoked. (*Jennings* v. *Kee*, 5 Indiana, 257; *Lee* v. *Gardner*, 26 Miss. 521; *Pursle* v. *Hays*, 17 Iowa, 310; *Deford* v. *Mercer*, 24 Iowa, 118; *Wilson* v. *Bigga*, Watts & Sergeant, 111; *Handy* v. *Noonan*, 51 Miss. 166; Story on Agency, 8th ed., Sec. 250; Freeman on Void Judicial Sales, 70.)

Even if the sale were void and had not been ratified, still the defendant in error would be subrogated to the rights of the creditors whose debts were discharged by the amount paid by him, and would be entitled to retain possession of the property until the same amount was refunded. (Statutes of Washington Territory, 1873, p. 283, Sec. 149; *Blair* v. *Thorp et al.*, 32 Tex. 48; *Williams* v. *Hall*, Id. 215; *Westbrook* v. *Jeffers*, Id. 90; *Baxter* v. *Dear*, 24 Tex. 17; *Robertson* v. *Paul*, 16 Tex. 475.)

The rights of purchasers at void sales to be subrogated to the claims they have discharged by their payment, is very generally recognized in this country. (Freeman on Void Judicial Sales, 73, Secs. 50, 51, and cases there cited; *Bright* v. *Boyd*, 1 Story C. C. 478.)

Opinion by Hoyt, Associate Justice.

The defendant in error brought this action to recover certain hay, which he claimed to have purchased of Mary A. Dodge, as executrix of the last will and testament of Edwin T. Dodge, deceased, which hay had been taken possession of by the plaintiff in error, as receiver in a certain foreclosure suit, wherein G. O. and H. M. Haller were plaintiffs, and said executrix as such, and others, were defendants; and the only questions, made upon the trial of the cause was as to whether certain negotiations as to the hay between the plaintiff below and said executrix amounted to a legal sale thereof; and if they did not, then as to whether they were sufficient to found acts of ratification upon; and were they in fact ratified by any one authorized to bind the plaintiffs in said foreclosure suit.

Upon the evidence introduced in regard to the said issues, the defendant below presented eighteen separate requests for instructions to the jury, and upon the errors growing out of the action of the Court in regard thereto and other questions in the case now brings it here, and assigns thirty separate errors as grounds for reversal of the judgment rendered in the Court below. With these facts before us, we think it our duty to say that in our opinion we would be entirely justified in affirming the judgment for want of any proper assignment of errors, for the reason that in a case of this kind it would be as nearly in accordance with the spirit of our statute and a correct rule of practice for the plaintiff in error to have said that he relied upon each and every error committed by the Court below, as it was for him to assign in a case of this kind thirty different errors, and rely upon one and all of them. And as the first method would be clearly insufficient, so we think the latter to be; but as this is the first time the matter has been referred to in this Court, we have concluded to look into this case so far as it is necessary to decide it, and only say what we have that it may be understood that the practice of assigning so many errors as to confuse rather than aid the Court and opposite counsel as to the real question in the case, will not be tolerated in the future.

The only questions we feel called upon to decide in this case are:

1st.   Did the Court err in allowing parol proof to explain
and amplify the writing given at the time of the alleged pur-
chase by the defendant in error ?

2d.   Did the Court err in refusing to give the instructions
asked for by plaintiff in error ?

3d.   Were the instructions which the Court gave the jury
upon its own motion correct and sufficient, in view of the circum-
stances of the case ?

As to the first question, all the proof admitted excepting that
which sought to show that though the paper was signed " Mrs.
Mary A. Dodge," it was in fact executed by her as executrix of
the estate of said Edwin T. Dodge, deceased, came so clearly with-
in the general rule that all the circumstances surrounding the
execution of any instrument in writing may be shown by parol,
and so clearly shows that said writing was only an incomplete
memorandum of a sale, made before its execution, that we do
not think it necessary to discuss it ; and will only say as to this
point, that in view of the undisputed facts in the case, as to the
farm upon which Mrs. Dodge lived being that of the estate,
and not her own, and that said paper was dated at " Dodge's
Farm," and that the hay which was the subject matter of the
sale was known by all to be the property of the estate, as well
as other circumstances in the case, we are of the opinion that
parol proof as to the capacity in which Mrs. Dodge signed was
properly admitted.   (See *Mechanics' Bank of Alexandria* v.
*Bank of Columbia*, 5th Wheaton, 326 ; *Baldwin* v. *Bank of
Newbury*, 1st Wallace, 239.)

The answer to the second question depends entirely upon
that given to the third ; for it is well settled that it is not error
in this Territory to refuse to give instructions asked for, if the
jury are in fact properly instructed as to all the questions left
for them to decide ; and we therefore now proceed to the final
and material question in the case : and in order to properly ex-
amine the instructions actually given, we must look into the
record to see what facts were undisputed, or so clearly proven
that the Court could properly assume them to be conceded, for
as to such facts nothing need to be said to the jury.   It was
not disputed but what defendant in error had had a certain
transaction with Mrs. Dodge, as executrix of the estate of Ed-

win T. Dodge, deceased, in regard to the hay in question, which had by them been treated as a sale; and that defendant in error had paid a portion of the purchase price thereof, and given his promissory note for the balance ; but it was contended that such sale was void, for the reason that no order therefor had been made by the Probate Court, and because there had been no delivery of the property. As to the latter objection, it is so clear to us, that if there was any informality as to the delivery, it would not make the sale so far void that it could not be ratified, that we do not care to discuss the question ; and as to the former, we think that it was not the intention of our Legislature to take from the Probate Court the power to ratify a sale made by an executor without its order, if it was clearly in the interest of the estate that such sale should be ratified, as we believe said statute to have been enacted in aid of estates ; and that what the Legislature meant was, that sales so made should not in themselves be valid and binding, but might be ratified by the Probate Court, and then become of full force ; and if the Probate Court could have ratified the sale of the hay in question for said estate, then the plaintiffs (in said foreclosure suit), or any one authorized to act for them in that behalf, could ratify, so far as their interest was concerned.

It was also conceded, that under the direction of one of the attorneys for the plaintiffs in said foreclosure suit, the said receiver made and sent to the defendant in error a notice, in words and figures as follows, to wit : " In the District Court of Washington Territory, holding terms at La Conner. Notice. Granville O. Haller and Henrietta M. Haller, plaintiffs, v. Mary Alice Dodge, Mary A. Dodge, executrix of the estate of Edwin T. Dodge, deceased, and Fanny Dodge and Lena Dodge, defendants. To D. K. Baxter : You are hereby notified that you are by the Court required to pay to Joseph P. Brewster, the duly appointed and qualified receiver in the above entitled action, any and all proceeds of the crops of grain and hay in your hands or under your control, arising from the sale of said crops raised and produced on the farm of Mary A. Dodge. Dated, La Conner, December 20th, 1880. Joseph P. Brewster, Receiver."

Under these circumstances, the Court instructed the jury as

follows : " If from the evidence the jury find, 1st, that the defendant, by direction, or with the knowledge and assent of G. O. and H. M. Haller, or of their attorneys of record, Haller & Engle, or either of them, sent to plaintiff the notice marked ' Exhibit B '; and 2d, that said G. O. and H. M. Haller, or their attorneys, or either of them, had, at the time they gave such direction or such assent, knowledge of the supposed sale from Mrs. Dodge to Mr. Baxter, or had any information sufficient to make them think that such a sale had been attempted or made—if, I say, the jury find both of these two things, then they will find a verdict for the plaintiff."

Were such instructions correct and sufficient ?

They assumed that the sale in question, though invalid, was not so absolutely void as to be incapable of ratification; and in view of what we have said as to the conceded facts and the law applicable thereto, this was right. They further assume that the attorneys for the plaintiffs in said foreclosure suit could ratify the sale ; and under the circumstances of this case, we think that such assumption was correct, for the question as to whether they would pursue the hay itself or the proceeds thereof, was, we think, left to their discretion as the attorneys for plaintiffs in said foreclosure suit.

With this view of the law, a careful examination of the instructions will show them to have been sufficient; for it will be noticed that the Court therein did not say if they had a knowledge of *a* sale, but of *the* sale, and again *such* sale, thus showing that the jury, in order to find for plaintiffs, must find that the ratification thereof was made with knowledge not simply of a sale in general, but of the particular acts in evidence, which for convenience were termed a sale.

We find no error in the record, and the judgment of the Court below must be affirmed, and it is so ordered.